**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ROBERT KATSNELSON, on behalf of himself and all others similarly situation,

    Plaintiff,

v.

TPUSA, INC., d/b/a TELEPERFORMANCE,

    Defendant.
_____/

Case No. _____

FLSA COLLECTIVE ACTION

## COMPLAINT

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") 42 U.S.C. § 1981; and the Equal Pay Act, 29 U.S.C. 206(d). This Court has supplemental jurisdiction over the New York state law claims, under 28 U.S.C. § 1367(a) as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. In the alternative, this Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1), in that the action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that Defendant conducts business in this District, and the forum selection clause in the agreement between Plaintiff and Defendant requires both Parties to bring any actions relating to Plaintiff's employment with Defendant in a state or federal court in Palm Beach County.

**THE PARTIES**

4.     Plaintiff Robert Katsnelson resides in the state of New York. He has been employed by Teleperformance since May of 2022.  He was initially employed as a Business Transformation Intern and later was promoted to Business Transformation Consultant.

5.     Defendant TPUSA, INC., d/b/a Teleperformance ("Teleperformance"), is a Delaware corporation, with a principal place of business in Salt Lake City, Utah, that operates throughout the United States.  It provides services for debt collection, telemarketing, customer relationship management, content moderation, and communication.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

6.     Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all individuals employed by Defendant in the United States in a salaried Consultant position on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

7.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

8.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable.  For the purpose of notice and other purposes related to this

action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## FACTS

### Individual Claims

9. Plaintiff began working for Defendant in May 2022 as a Business Transformation Intern.

10. Plaintiff was an excellent employee and consistently received favorable feedback from his supervisors.

11. Plaintiff was promoted to Business Transformation Consultant in April 2024.

12. As a Business Transformation Consultant, Plaintiff's duties were to perform "mystery shopper" functions.

13. Specifically, companies hire Teleperformance to help evaluate the productivity and quality of their telephonic customer service. Teleperformance employees, like Plaintiff, place calls with the client companies' customer service lines pretending to be customers needing assistance.

14. These mystery shoppers were given very specific instructions as to what types of questions to ask and what prompts to set forth to evaluate the customer service representatives' performance. The mystery shoppers would then report in great detail to Teleperformance the findings of these endeavors, and Teleperformance used this information to assist its customers in improving the quality of their telephonic customer service.

15. Plaintiff is a white Jewish male, and he is 31 years old.

16. In late 2024, Plaintiff learned that he was earning significantly less than two female, non-white, and non-Jewish mystery shopper employees doing exactly the same work as him.

17.     In November 2024, Plaintiff complained to Samanth Duvvuru, Executive Vice President, about his discriminatory unequal pay.

18.     Plaintiff had previously, to no avail, noted to Defendant several times its failure to provide the salary range for his position as required by New York Law.

19.     About one month later, Plaintiff was terminated in retaliation for his complaints.

20.     Defendant claimed that Plaintiff's termination was the result of economic conditions of the department and no fault of his own.

21.     This reason for Plaintiff's termination was plainly pretextual. Shortly before Plaintiff's termination, Plaintiff was advised by his immediate supervisor, Laura Downing, that there was no risk of layoffs in their department. She stressed to Plaintiff that even if positions would be eliminated, his department's services were greatly needed, and another Teleperformance department would absorb his department's employees.

22.     Downing further indicated to Plaintiff that she had recently spoken to Scott Barli, Chief Operating Officer of Teleperformance, who advised her that he would hire anyone on her team "in a New York minute".

## Collective-Wage and Hour Claims

23.     Plaintiff's Consent to Sue form is attached as Exhibit A.

24.     Defendant committed the following alleged acts knowingly, intentionally and willfully.

25.     Plaintiff's scheduled hours were 10:00 a.m. to 6:00 p.m. every weekday.

26.     Plaintiff worked well in excess of his 40 scheduled hours per week.

27.     For example, for the 15-day pay period ending February 15, 2024, Plaintiff worked more than 26 hours past his scheduled hours.

28. On regular workdays, Plaintiff usually had to finish his calls and reports well past his 6:00 p.m. end time.

29. In addition, Plaintiff was often scheduled to commence calls past his regular hours, sometimes as late as 9:00 p.m. Such calls could last well over an hour.

30. After being promoted to Business Transformation Consultant, Plaintiff was paid a fixed salary by Defendant.

31. Plaintiff's regular schedule and his actual worked hours remained the same after this change, but he was no longer paid at all for hours worked in excess of 40 per workweek.

32. Plaintiff's paystubs after the period in which he was paid a salary did not include his actual hours worked. Had Plaintiff been able to track his hours worked, he would have demanded that Defendant be paid his legally required overtime rate for all overtime hours worked after receiving his wage statements.

33. Defendant knew that nonpayment of overtime would economically injure Plaintiff's and that it violated federal and state laws.

34. Defendant committed the foregoing acts against Plaintiff and the FLSA Collective Plaintiffs.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1981 – Race Discrimination**

35. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

36. In violation of Section 1981, Defendant intentionally and willfully discriminated against Plaintiff by paying him less than his non-White and non-Jewish Counterparts.

37. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

38. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain, and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

39. As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, physical injuries, medical treatment, punitive damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1981 – Retaliation

40. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41. In violation of Section 1981, Defendant retaliated against plaintiff for reported race discrimination.

42. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

43. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain, and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

44. As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, physical injuries, medical treatment, punitive damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### New York City Human Rights Law ("NYCHRL") – Discrimination
### N.Y.C. Admin. Code § 8-107

45. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

46. In violation of the NYCHRL, Defendant intentionally discriminated against Plaintiff on the basis of his race, religion, and gender.

47. The discriminatory acts of Defendant included, but were not limited to, underpaying Plaintiff.

48. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

49. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain, and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

50. The conduct of Defendant was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

51. As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for emotional distress, physical injuries, and

medical treatment; punitive damages; attorney's fees and costs; and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### New York City Human Rights Law – Retaliation
### N.Y.C. Admin. Code § 8-107

52. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

53. In violation of the NYCHRL Defendant intentionally retaliated against Plaintiff for engaging in the protected activity of opposing and reporting incidents of discrimination based on his race, religion, and/or gender.

54. The retaliatory acts of Defendant included, but were not limited to, terminating Plaintiff's employment.

55. Each of the retaliatory acts perpetrated against Plaintiff was reasonably likely to deter a person from engaging in protected activity.

56. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

57. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain, and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

58. The conduct of Defendant was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

59. As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for emotional distress, physical injuries, and medical treatment; punitive damages; attorney's fees and costs; and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)

60. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

61. Defendant discriminated against Plaintiff within the meaning of the EPA by paying him less than similarly situated colleagues of a different gender.

62. Plaintiff seeks all legal and equitable remedies available for violations of the EPA, including unpaid compensation, liquidated damages, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### New York State Equal Pay Act ("NY EPA"),
### N.Y. Lab. Law §§ 194, 198

63. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

64. Defendant discriminated against Plaintiff within the meaning of the New York Equal Pay Act, N.Y. Lab. Law § 194, by paying him less than similarly situated colleagues of a different race, gender, and religion even though Plaintiff performed similar duties requiring the same skill, effort, and responsibility as his counterpart.

65. The differential in pay between employees was not due to seniority, merit, quantity or quality of production, or a bona fide factor other than race.

66. The foregoing conduct constitutes a willful violation of the New York EPA within the meaning of N.Y. Lab. Law 198(1-a).

67. Plaintiff seeks all legal and equitable remedies available for violations of the NY EPA, including unpaid compensation, liquidated damages, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SEVENTH CLAIM FOR RELIEF**
**FLSA Overtime Violations, 29 U.S.C. § 201,** *et seq.*
**Brought by Plaintiff on Behalf of Himself**
**and the FLSA Collective Plaintiffs**

68. Plaintiff realleges and incorporates by reference all previous paragraphs.

69. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

70. At all relevant times, Defendant operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs the appropriate overtime rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

71. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**EIGHTH CLAIM FOR RELIEF**
**New York Overtime Violations,**
**N.Y. Lab. L. § 650** *et seq.***, N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2**

72. Plaintiff realleges and incorporates by reference all previous paragraphs.

73. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

74. Defendant willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

75. As a result of Defendant's willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### NINTH CLAIM FOR RELIEF
### New York Notice Requirements, N.Y. Lab. L. §§ 195, 198

76. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

77. Defendant did not provide Plaintiff with the wage statements required by N.Y. Lab. Law § 195. For example, Plaintiff's paystubs after the period in which he was paid a salary did not include his actual hours worked.

78. As a result of Defendant's unlawful conduct, Plaintiff is entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the

pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

D. Penalties available under applicable laws;

E. Costs of action incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

G. Pre-judgment and post-judgment interest, as provided by law; and

H. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated: February 26, 2025
      Miami, Florida

Respectfully submitted,

LABKOWSKI LAW, P.A.

By: /s/ David Labkowski
David Labkowski
Florida Bar No. 1038555
1200 Brickell Avenue, Suite 800
Miami, FL 33131
(786) 461-1340
david@labkowskilaw.com

-and-

JOSEPH & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
maimon@jk-llp.com

*Attorneys for Named Plaintiff and Proposed FLSA Collective Plaintiffs*

*\*Motion for Pro Hac Vice Admittance Pending*