UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT KATSNELSON, on behalf of himself and all others similarly situated,<br><br>                      Plaintiff,<br><br>  -against-<br><br>TPUSA, INC., d/b/a TELEPERFORMANCE,<br><br>                      Defendant. | Civil Matter No.: 1:25-cv-07272-MMG<br><br>**DECLARATION OF SHANNON D. AZZARO, ESQ. IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE SETTLEMENT** |

I, Shannon D. Azzaro, Esq., an attorney in good standing, admitted to practice before the courts of the State of New York, declare under penalty of perjury that the following facts are true and correct:

1. I am an Associate of the law firm of Jackson Lewis P.C., counsel of record for Defendant, TPUSA, Inc. ("TPUSA") in the above-captioned action. As such, I am fully familiar with the facts set forth herein. I make this Declaration in support of the Defendant's Motion to Enforce the Parties' settlement.

2. On February 26, 2025, Plaintiff, Robert Katsnelson ("Plaintiff"), filed a nine-count Complaint against TPUSA in the United States District Court for the Southern District of Florida asserting claims under 42 U.S.C. § 1981, New York City Human Rights Law, the Equal Pay Act, the New York State Equal Pay Act, the Fair Labor Standards Act, and New York Labor Law (Case No. 1:25-cv-80277).

3. On July 14, 2025, the parties agreed to participate in an in-person mediation in New York City. On July 15, 2025, the Parties filed a Joint Notice of Selection of Mediator and Scheduling Mediation in the Southern District of Florida.

4. The in-person mediation was scheduled for September 17, 2025, in New York, New York before Mediator, Elizabeth Shampnoi, Esq.

5. On August 15, 2025, upon a *sua sponte* review of the docket, Judge Singhal from the United States District Court for the Southern District of Florida entered an Order requiring Plaintiff to file a response showing cause why the clerk should not be directed to transfer the case to the United States District Court for the Southern District of New York.

6. On August 28, 2025, after limited briefing and no express objection from TPUSA, Judge Singhal entered an Order transferring the case to the United States District Court for the Southern District of New York.

7. The United States District Court for the Southern District of New York acknowledged receipt of the case on September 2, 2025, and confirmed that the case had been opened under Case No. 1:25-cv-07272.

8. The parties have exchanged written discovery (i.e., initial disclosures, interrogatories, requests for production, and related responses) and TPUSA deposed Plaintiff on September 3, 2025.

9. Despite the change in venue, the Parties still engaged in their previously scheduled in-person mediation before Ms. Shampnoi on September 17, 2025.

10. In accordance with the Parties agreement to mediate in-person, Ms. Sara Marsh, Defendant's General Counsel and Ena T. Diaz, counsel for Defendant, traveled to New York and appeared in person. Mr. Lucas Buzzard and Mr. Maimon Kirschenbaum, counsel for Plaintiff, also appeared in person. On the morning of the scheduled mediation, Defendant was informed that Plaintiff would be attending mediation remotely because he was allegedly not feeling well.

The parties agreed to proceed with the mediation after Plaintiff indicated he was capable of participating remotely. Plaintiff's counsel attended the mediation in-person. The mediation started at 10:00 a.m. and continued until 9:00 p.m. During the mediation, the mediator followed all standard protocols and advised the parties of the process including the confidential nature of the proceedings.

11. Near the conclusion of the eleven-hour-long mediation conference and after numerous compromises by TPUSA, the parties reached an agreement on monetary terms and material non-economic terms in exchange for Plaintiff's release of his claims against TPUSA.

12. While still before the mediator, Defendant and Plaintiff's counsel exchanged several drafts of a Confidential Settlement Terms Summary Sheet ("Term Sheet") and agreed to the final terms of the Term Sheet, which included all material terms. Attached as **Exhibit "A"** is the Parties' Term Sheet, which TPUSA has requested to be filed under seal and filed a letter motion regarding same.

13. The Term Sheet specifically confirmed that the Parties agreed to resolve Plaintiff's claims against TPUSA upon certain terms and conditions to be more formally memorialized in a detailed "long-form" settlement agreement.

14. The Term Sheet included specific reference to the monetary terms of the settlement, and the non-monetary terms. Additionally, the Term Sheet explicitly stated that it was a legally binding agreement.

15. The mediator did not end the mediation until the Term Sheet was fully executed. Once the Term Sheet was fully executed, the mediator thanked the respective Parties, congratulated the Parties for ending the litigation, and ended the mediation.

16. Accordingly, TPUSA understood the matter was effectively resolved.

17. Attached as **Exhibit "B"** is email correspondence between September 17 – 18, 2025, demonstrating partial performance of the settlement, in which Plaintiff's counsel forwards his client's executed Term Sheet and states "[g]lad we were able to get this done." Plaintiff's counsel later acknowledged receipt of the fully-executed Term Sheet and stated that his office will "look for the long form agreement" when it is ready. On September 25, 2025, TPUSA sent Plaintiff the long-form settlement agreement for execution, which contained all the terms that Plaintiff agreed to via the Term Sheet previously.

18. Counsel for TPUSA followed up with Plaintiff's counsel regarding the long-form settlement agreement and the NDA on October 8, 2025; October 17, 2025; and October 21, 2025. Plaintiff's counsel responded on October 21, 2025, stating that Plaintiff would not be signing the long-form settlement agreement and that Plaintiff was revoking his consent to the settlement terms. No explanation or context was provided for the attempted revocation.

19. On October 22, 2025, undersigned counsel, together with Ena T. Diaz, counsel of record in the Southern District of Florida case, spoke with Lucas Buzzard, counsel for Plaintiff. During that discussion, Mr. Buzzard did not offer any explanation for his client's position, agreed to discuss this matter with his client and get back to Defendant's counsel on Friday, October 24. In an email dated October 24, 2025, Mr. Buzzard reaffirmed that his client would not sign the long-form agreement, and again, did not provide any reason for Plaintiff's position. The email correspondence reflecting the follow-ups and the attempted revocation is attached as **Exhibit "C."**

20. TPUSA now files its Motion to Enforce the Settlement reached between the Parties.

\* \* \*

This declaration is made pursuant to 28 U.S.C. § 1746(2). I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 4, 2025.

By:   */s/ Shannon D. Azzaro*  
SHANNON D. AZZARO

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document is being served on November 4, 2025, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

                                            *s/ Shannon D. Azzaro*
                                            Shannon D. Azzaro, Esq.

## SERVICE LIST

D. Maimon Kirschenbaum, Esq.
Email: *maimon@jk-llp.com*
Lucas C. Buzzard, Esq.
Email: *lucas@jk-llp.com*
JOSEPH & KIRSCHENBAUM, LLP
32 Broadway, Suite 601
New York, NY 10004

*Counsel for Plaintiff*

Shannon Azzaro, Esq.
Email: *shannon.azzaro@jacksonlewis.com*
JACKSON LEWIS P.C.
666 Third Avenue, 28th Floor
New York, New York 10017
Telephone: 212-545-4011

*Counsel for Defendant*

4918-0950-0791, v. 1