UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT KATSNELSON, on behalf of himself and all others similarly situated,

                  Plaintiff,

   -against-

TPUSA, INC., d/b/a TELEPERFORMANCE,

                  Defendant.

Civil Matter No.: 1:25-cv-07272-MMG

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

Ena T. Diaz
Shannon D. Azzaro

ATTORNEYS FOR DEFENDANT

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

I.     THE TERM SHEET IS BINDING. ................................................................................... 3

          1.     The First Winston Factor, Intent to be Bound, Has Been Satisfied. ................................................................................... 3

          2.     The Second Winston Factor, Partial Performance, Has Been Satisfied. ................................................................................... 4

          3.     The Third Winston Factor, Agreement on All Terms, Has Been Satisfied. ................................................................................... 5

          4.     The Fourth Winston Factor, that the Agreement is One that Would Have Been Reduced to Writing, Has Been Satisfied. ................................................................................... 5

II.    THE ABSENCE OR SEVERANCE OF AN NDA DOES NOT DEFEAT THE ENFORCEABILITY OF THE TERM SHEET. ......................................... 6

III.   DEFENDANT IS ENTITLED TO REASONABLE ATTORNEY'S FEES AND COSTS BECAUSE PLAINTIFF HAS ACTED IN BAD FAITH. ................................................................................................................ 9

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Adjustrite Sys. v. GAB Bus. Servs.,
    145 F.3d 543 (2d Cir. 1998) ................................................................................................. 4

Alli v. Renee,
    No. 21-cv-09470-PGS-SN, 2024 U.S. Dist. LEXIS 237122 (S.D.N.Y. Nov.
    21, 2024) ............................................................................................................................. 5

Arcadian Phosphates, Inc. v. Arcadian Corp.,
    884 F.2d 69 (2d Cir. 1989) ................................................................................................... 4

Edelman v. Smith Barney, Inc.,
    98 Civ. 691 (CBM), 2000 U.S. Dist. LEXIS 85 (S.D.N.Y. Jan. 5, 2000) ............................. 9

Hadzijic v. Art Food LLC,
    2025 U.S. Dist. LEXIS 201183 (S.D.N.Y. Oct. 10, 2025) ................................................ 7, 8

IDT Corp. v. Tyco Group, S.A.R.L.,
    13 N.Y.3d 209 (N.Y. 2009) .................................................................................................. 3

J.G. v. L.G.,
    211 N.Y.S.3d 796 (Westchester Cty. Sup. Ct. June 3, 2024) ............................................... 6

Jackson v. New York City Department of Education,
    No. 10 Civ. 9193, 2012 U.S. Dist. LEXIS 77305, 2012 WL 1986593
    (S.D.N.Y. June 4, 2012) ....................................................................................................... 4

Langreich v. Gruenbaum,
    775 F. Supp. 2d 630, 636 (S.D.N.Y. 2011) .......................................................................... 4

Lyman v. N.Y. & Presbyterian Hosp.,
    2012 U.S. Dist. LEXIS 175498 (S.D.N.Y. Dec. 11, 2012) .................................................. 4

McLeod v. Post Graduate Ctr. For Mental Health,
    No. 14-cv-10041-ALC-JCF, 2016 U.S. Dist. LEXIS 137829 (S.D.N.Y. Sept.
    30, 2016) ........................................................................................................................... 3, 5

Murphy v. Inst. Of Int'l Educ.,
    No. 19-cv-1528-ALC-RWL, 2020 U.S. Dist. LEXIS 133807 (S.D.N.Y. July 2,
    2020) ................................................................................................................................. 3, 8

Palmer v. Cty. of Nassau,
    977 F. Supp. 2d 161 (E.D.N.Y. 2013) ................................................................................ 10

Quinones v. Police Dep't of N.Y.,
   No. 10-cv-6195-JGK-JLC, 2012 U.S. Dist. LEXIS 51697 (S.D.N.Y. Apr. 12, 2012) ........................................................................................................................8

R.G. Grp., Inc. v. Horn & Hardart Co.,
   751 F.2d 69 (2d Cir. 1984) ..........................................................................................4

Reyes v. Sequeira,
   889 N.Y.S.2d 451 (App. Div. 1st Dept. December 15, 2009) .....................................5

Separ v. Cty. of Nassau,
   No. 2:21-CV-00010 (OEM) (JMW), 2025 U.S. Dist. LEXIS 3931 (E.D.N.Y. Jan. 8, 2025) ............................................................................................................8, 9

Shah v. Wilco Sys., Inc.,
   81 A.D.3d 454 (N.Y. App. Div. 1st Dep't. 2011) ...................................................3, 4

Teachers Ins. & Annuity Asso. v. Tribune Co.,
   670 F. Supp. 491 (S.D.N.Y. 1987) ..............................................................................7

Vari-O-Matic Mach. Corp. v. N.Y. Sewing Mach. Attachment Corp.,
   629 F. Supp. 257 (S.D.N.Y. 1986) ..............................................................................9

Winston v. Mediafare Ent. Corp.,
   777 F.2d 78 (2d Cir. 1985) .............................................................................1, 3, 4, 5

**Statutes**

New York General Obligations Law § 5-336 ....................................................................6

Defendant TPUSA, Inc. ("Defendant" or "TPUSA") by and through its undersigned counsel Jackson Lewis P.C., respectfully submits this Reply Memorandum of Law in Motion to Enforce Settlement Agreement in this action. Defendant seeks to enforce the fully executed Settlement Terms Summary Sheet ("Term Sheet") memorializing the settlement reached between the Parties on September 17, 2025. As such, Defendant respectfully requests that the Court enforce the Term Sheet.

## PRELIMINARY STATEMENT

Plaintiff's post-execution "second thoughts" about settlement cannot undermine the enforceability of a binding Term Sheet. Once parties have agreed to material terms, such as here, regret does not justify repudiation.  Plaintiff's attempt to walk away from the resolution of his claims should not be permitted to derail the settlement process or prejudice TPUSA. To permit Plaintiff to do so would undermine the strong public policy favoring the finality and enforcement of pre-trial settlement agreements and set a dangerous precedent that threatens the integrity of settlement negotiations within this jurisdiction.

The Term Sheet, executed after a lengthy **eleven-hour** mediation, is a legally binding agreement containing all material settlement terms. Plaintiff's argument against enforcement relies on inapposite case law and outlier decisions while ignoring the clear precedent cited by Defendant. On the contrary, the Winston factors strongly weigh in favor of enforcement: (1)  the Term Sheet clearly and expressly stated that it was legally binding without any reservation or condition that execution of a long-form agreement was required; (2) Defendant paid the mediator fees and prepared the long-form agreement (as contemplated by the Term Sheet); (3) The Term Sheet covered essential terms, including payment, tax treatment, and releases; and (4) The Term Sheet was executed by all Parties and is precisely the type of agreement routinely memorialized in writing, as confirmed by case law and common practice in this Court.

Contrary to Plaintiff's assertions in his opposition brief, his refusal to sign a long form agreement or a Non-Disclosure Agreement ("NDA") has no impact on the underlying enforceability of the Term Sheet. While the Term Sheet contemplated a separate NDA for confidentiality under New York law, signing the NDA was not a condition precedent to settlement, and it was by its own terms, severable. Even if the confidentiality provision is severed, the remaining material terms of the settlement remain valid and enforceable, and the agreement should be upheld.

Finally, Plaintiff offers no legitimate reason for denying Defendant's request for an award of attorney's fees and costs. While Plaintiff invokes the general principle that each party bears their own attorney's fees and costs, Plaintiff ignores and seeks to excuse his own bad faith in repudiating the Term Sheet he agreed to. Plaintiff's conduct necessitated unnecessary motion practice and caused Defendant to incur additional attorney's fees, which would have been avoided had Plaintiff honored the Term Sheet. Accordingly, in addition to enforcing the Term Sheet, Defendant respectfully requests an award of attorney's fees and costs and any other relief this Court deems just and reasonable.

**ARGUMENT**

**I.     THE TERM SHEET IS BINDING.**

Plaintiff's opposition mischaracterized the Winston factors, but each weight heavily in favor of enforcing the Term Sheet.  As detailed in Defendant's moving papers, the Term Sheet expresses the Parties' clear intent to be bound, Defendant partially performed, all material terms were agreed upon, and the Term Sheet is the type of agreement routinely reduced to writing after mediation. Winston v. Mediafare Ent. Corp., 777 F.2d 78, 80 (2d Cir. 1985).

        1.     The First Winston Factor, Intent to be Bound, Has Been Satisfied.

Plaintiff ignores well established precedent and argues that the anticipated long-form agreement demonstrates an intent not to be bound. See Murphy v. Inst. Of Int'l Educ., No. 19-cv-1528-ALC-RWL, 2020 U.S. Dist. LEXIS 133807 (S.D.N.Y. July 2, 2020)[1] (holding an agreement executed at the conclusion of mediation, setting forth settlement terms, was binding.[2] ); McLeod v. Post Graduate Ctr. For Mental Health, No. 14-cv-10041-ALC-JCF, 2016 U.S. Dist. LEXIS 137829 (S.D.N.Y. Sept. 30, 2016) (enforcing settlement agreement where "the parties have reached an agreement to settle the above referenced lawsuit but also anticipated further documentation, such as execution of a full release of claims").

The Term Sheet here is fully executed and enforceable.  The "fact that it is necessary for the parties to exchange general releases and execute a confidentiality agreement does not render the agreement invalid." Shah v. Wilco Sys., Inc., 81 A.D.3d 454, 455 (N.Y. App. Div. 1st Dep't.

---

[1] As discussed in Defendant's moving brief, the facts of Murphy are very similar to the current dispute.
[2] Plaintiff's reliance on IDT Corp. v. Tyco Group, S.A.R.L., 13 N.Y.3d 209, 214-15 (N.Y. 2009) is misplaced because the circumstances surrounding the agreement therein are not comparable.  The court therein held that while a settlement agreement required the defendant to provide plaintiff with an "indefeasible right of use" (IRU) of certain fiber optic capacity on a planned subsea cable system was valid, defendant's obligation to furnish capacity never became enforceable because agreed-upon conditions (i.e., the negotiation and execution of four additional agreements, including the IRU) were not met.  Here, all material terms are addressed in the Term Sheet, which is binding on its own.

3

2011). In Shah, the court enforced a settlement where a mediation agreement manifested the intent of the parties to be bound by its terms and held the fact that the parties agreed to execute an additional confidentiality agreement, and failed to do so, did not render the mediation agreement invalid. Id. Similarly, the Term Sheet expresses the Parties' clear intent to be bound.

Plaintiff's reliance on Adjustrite Sys. v. GAB Bus. Servs., 145 F.3d 543, 548 (2d Cir. 1998) is misleading. While Plaintiff quotes the language that "a preliminary agreement does not create a binding contract," he omits the subsequent sentences which clarify that "binding preliminary agreements fall into one of two categories . . . [including] a fully binding preliminary agreement, which is created when the parties agree on all the points that require negotiation but agree to memorialize their agreement in a more formal document". Id.[3] The Term Sheet falls squarely within the category of a "fully binding preliminary agreement" described in Adjustrite; it reflects agreement on all material terms and the Parties' intent to be bound. Accordingly, the first Winston factor weighs in favor of enforcement.

      2.      The Second Winston Factor, Partial Performance, Has Been Satisfied.

Defendant paid the full cost of the mediation and prepared the long form agreement – acts courts recognize as partial performance. See Lyman v. N.Y. & Presbyterian Hosp., 2012 U.S. Dist. LEXIS 175498, at *22 (S.D.N.Y. Dec. 11, 2012) citing Jackson v. New York City Department of Education, No. 10 Civ. 9193, 2012 U.S. Dist. LEXIS 77305, 2012 WL 1986593 (S.D.N.Y. June 4, 2012)[4].

---

[3] Plaintiff likewise cites cases relating to intent to be bound which are clearly inapposite. See Arcadian Phosphates, Inc. v. Arcadian Corp., 884 F.2d 69, 72 (2d Cir. 1989) (finding the party did not intend to be bound when the memorandum contained "two references to the possibility that negotiations might fail and the reference to a binding sales agreement to be completed at some future date"); R.G. Grp., Inc. v. Horn & Hardart Co., 751 F.2d 69, 70 (2d Cir. 1984) (holding there was no intent to be bound when the parties only reached a preliminary oral agreement and made clear that they meant to be bound only by a written agreement).
[4] Langreich v. Gruenbaum is likewise inapposite because the parties therein had only entered into an oral agreement at that time. Langreich, 775 F. Supp. 2d 630, 636 (S.D.N.Y. 2011).

4

    3. <u>The Third Winston Factor, Agreement on All Terms, Has Been Satisfied</u>.

The Term Sheet includes payment amounts, tax treatment, scope of releases and other essential terms. Additional documents contemplated were collateral and do not negate enforceability of the Term Sheet . <u>Alli v. Renee</u>, No. 21-cv-09470-PGS-SN, 2024 U.S. Dist. LEXIS 237122, at *15-16 (S.D.N.Y. Nov. 21, 2024). Since all **material** terms were agreed upon, the contemplation of a more formal agreement addressing "collateral" issues does not render the Term Sheet unenforceable. See <u>Reyes v. Sequeira</u>, 889 N.Y.S.2d 451, 452 (App. Div. 1st Dept. December 15, 2009) ("This stipulation constituted a binding agreement, as it set forth all the essential terms and conditions of a binding agreement and, despite contemplating a more formal agreement on collateral issues, the parties clearly intended to be bound by it with respect to the agreed upon terms".)

Plaintiff categorically rejected the long form agreement without explanation. Defendant is not seeking to enforce that document, but rather the Term Sheet, which Plaintiff expressly agreed to be bound by when he signed it.

    4. <u>The Fourth Winston Factor, that the Agreement is One that Would Have Been Reduced to Writing, Has Been Satisfied.</u>

The fourth <u>Winston</u> factor has been satisfied because the Term Sheet, a mediated settlement agreement, is routinely memorialized in writing and enforced by the courts. See <u>McLeod</u>, 2016 U.S. Dist. Lexis 137829 (memorandum of understanding filled out at end of mediation constituted a writing favoring enforcement under the fourth <u>Winston</u> factor). Accordingly, the fourth Winston factor is met, and this Court should enforce the settlement terms set forth in the Term Sheet.

II. **THE ABSENCE OR SEVERANCE OF AN NDA DOES NOT DEFEAT THE ENFORCEABILITY OF THE TERM SHEET.**

The Parties engaged in a full-day, eleven-hour mediation resulting in the execution of a binding and enforceable Term Sheet. The Term Sheet specifically states that it is a legally binding agreement that sets forth the terms of the Parties' agreement. While the Term Sheet reflected Plaintiff's agreement to sign a separate NDA, which is required by New York General Obligations Law ("GOL") § 5-336 law to effectuate confidentiality, the NDA is not a prerequisite for enforceability. The NDA (which Plaintiff acknowledges receiving on the day of the mediation) makes clear that it would not be incorporated into the Settlement Agreement if it has been revoked. This language makes clear that the signing of the separate NDA is not a precondition to a binding settlement.

It is well-established that such ministerial conditions are not conditions precedent to a binding settlement agreement. See J.G. v. L.G., 211 N.Y.S.3d 796 (Westchester Cty. Sup. Ct. June 3, 2024) ("With respect to the requirement that an agreement include all material settlement terms, it has been held furnishing further documentation of a binding agreement or to satisfy a ministerial condition precedent to payment did not constitute a condition precedent to the underlying binding settlement agreement reached by e-mails exchanged between counsel").

Plaintiff never provided any feedback to the long form agreement, nor did Plaintiff provide any indication that he objected to its contents or had any questions about same. Rather, Plaintiff's counsel initially excused the delay in returning the agreement, assuring Defendant that they were reviewing it with their client and would provide an update. The long form agreement was provided on September 25. Despite two follow up emails, it took twelve (12) days after the second follow up email – and more than one month after the mediation at which Plaintiff executed the Term Sheet for Plaintiff's counsel to respond to Defendant's emails. Plaintiff's counsel, stating for the first

6

time that their client informed them that "he is not going to sign the long-form agreement and that he is revoking his consent to the settlement terms". No explanation was provided, even after telephone conferences with Plaintiff's counsel.

Based on Plaintiff's own arguments, his only objection appears to be confidentiality; he does not dispute any other material terms in the Term Sheet. Plaintiff's attempt to leverage the NDA – circulated solely to comply with New York's confidentiality requirements – does not alter the Parties' binding Term Sheet with the material terms of their agreement. Confidentiality was ancillary and expressly severable; the material terms were negotiated, agreed upon and executed. Plaintiff's post-execution change of heart cannot topple the Term Sheet like a house of cards by recasting the NDA as a pretext to avoid obligations he knowingly and voluntarily accepted at the mediation. Severing confidentiality thus preserves the Parties' intent and leaves intact the agreed-upon material terms.

Accordingly, if the Court determines that the confidentiality provisions – calling for a separate NDA – should be severed, the remaining terms of the Term Sheet remain valid and enforceable. See Hadzijic v. Art Food LLC, 2025 U.S. Dist. LEXIS 201183, *19-20 (S.D.N.Y. Oct. 10, 2025) (enforcing term sheet without NDA provision after defendant waived it). Here, Plaintiff's attempts to refuse to honor the settlement mirror some of the unsuccessful arguments in Hadzijic. The Court also evaluated the Winston factors in the same manner as detailed in Defendant's motion and accordingly enforced the Parties' Term Sheet. Id.

The Term Sheet executed by the Parties is an enforceable stand-alone agreement. While a long-form agreement may be desirable, it is not legally required for enforceability. Where the parties have agreed on all material terms and express intent to be bound, the term sheet is binding – even if a long form agreement is contemplated. See Teachers Ins. & Annuity Asso. v. Tribune

7

Co., 670 F. Supp. 491, 498 (S.D.N.Y. 1987) ("Such an agreement is preliminary only in form -- only in the sense that the parties desire a more elaborate formalization of the agreement. The second stage is not necessary; it is merely considered desirable.")  Here, the Term Sheet expressly states that it is "legally binding."  Plaintiff freely and voluntarily consented to and executed the Term Sheet after a lengthy mediation, affirming that it contained all material terms necessary to resolve the lawsuit.  Plaintiff's current focus on the long-form agreement and the separate NDA is a diversion – an attempt to avoid the clear language and intent of the Term Sheet he signed.  Defendant respectfully asks this Court to reject Plaintiff's tactics and enforce the Term Sheet to embrace the strong public policy favoring the finality of agreements.  Quinones v. Police Dep't of N.Y., No. 10-cv-6195-JGK-JLC, 2012 U.S. Dist. LEXIS 51697 at *11 (S.D.N.Y. Apr. 12, 2012) ("It is well-settled that a settlement agreement is presumptively binding and conclusive" and, as settlement agreements "are strongly favored by New York courts" they "may not be lightly cast aside."); see also Hadzijic, 2025 U.S. Dist. LEXIS 201183, *19-20 (enforcing a mediation term sheet as an agreement where the parties agreed on all material terms and expressly stated that the agreement was binding); Murphy, 2020 U.S. Dist. LEXIS 133807.

Plaintiff's reliance on Separ v. County of Nassau, No. 2:21-CV-00010 (OEM) (JMW), 2025 U.S. Dist. LEXIS 3931, at *10 (E.D.N.Y. Jan. 8, 2025) to challenge the Term Sheet's enforceability is misplaced.  This case is readily distinguishable for several reasons.  First, in Separ, the parties left the settlement conference with nothing more than a handshake agreement and later drafted documents to memorialize their terms. Second, the written documents expressly conditioned enforceability on execution of all provisions, including Exhibit D - the non-disclosure agreement and stated unequivocally that if any provision was not signed, "the [a]greement shall not take effect". Finally, the plaintiff in Separ signed all provisions except the non-disclosure

8

agreement which was an explicit pre-condition to the effectiveness of the agreement. Separ, 2025 U.S. Dist. LEXIS 3931, at *10.

By contrast, the Term Sheet here expressly states that it is "legally binding." There is no language making execution of an NDA – or any other document – a condition precedent to enforceability. Plaintiff's argument that the absence of an NDA voids the entire Term Sheet is contrary to the plain language of the agreement and controlling authority.

Accordingly, the Court should reject Plaintiff's arguments in their entirety and enforce the Term Sheet as written.

### III. DEFENDANT IS ENTITLED TO REASONABLE ATTORNEY'S FEES AND COSTS BECAUSE PLAINTIFF HAS ACTED IN BAD FAITH.

Despite Plaintiff's assertions, there is clearly an enforceable agreement. While there is no "general rule" mandating attorney's fees on a successful motion to enforce, courts in this Circuit have exercised their discretion to award costs and reasonable attorneys' fees in similar circumstances – recognizing that such relief is appropriate to compensate the prevailing party and deter needless litigation. Plaintiff cites to Edelman v. Smith Barney, Inc., 98 Civ. 691 (CBM), 2000 U.S. Dist. LEXIS 85, at *17 (S.D.N.Y. Jan. 5, 2000) for the proposition that fees are not required. However, Edelman did not involve a reneged settlement agreement, and even the Court in Edelman recognized that there are situations, such as in Vari-O-Matic Mach. Corp. v. N.Y. Sewing Mach. Attachment Corp., 629 F. Supp. 257, 259 (S.D.N.Y. 1986), where attorney's fees were appropriate because, "[a]s a direct result of defendant's dishonesty, plaintiffs were forced to seek the court's assistance in enforcing the settlement agreement."

Plaintiff signed the negotiated Term Sheet after a lengthy mediation and Plaintiff's counsel represented to Defendant that an agreement was reached and requested the long form agreement. Plaintiff's counsel excused delays in responding or providing comments to the long form

9

agreement without revealing any issue with the settlement terms, only twelve days later to advise that Plaintiff did not agree to the settlement – without explanation. If Plaintiff had concerns about specific language in the long-form agreement, the Parties could have conferred and resolved them. Instead, Plaintiff issued a wholesale refusal, forcing unnecessary motion practice. This behavior is not unlike that in Palmer v. Cty. of Nassau, 977 F. Supp. 2d 161, 167 (E.D.N.Y. 2013), where the Court found bad faith in ignoring communications regarding a settlement that had been reached in principle and awarded attorney's fees and costs.

Accordingly, Defendant's request for costs and reasonable attorney's fees in making the instant motion to enforce and award should be granted along with any other relief that this Court deems just and appropriate.

## CONCLUSION

Defendant respectfully requests the Court enforce the Term Sheet between the Parties, award Defendant its reasonable attorneys' fees and costs incurred in bringing the instant motion to enforce and award Defendant any other relief this Court deems just and appropriate.

Dated: New York, New York
      December 9, 2025

                                       Respectfully submitted,

                                       JACKSON LEWIS P.C.
                                       666 Third Avenue
                                       New York, New York 10017
                                       (212) 545-4000

                                       By: */s/ Shannon D. Azzaro*
                                       Shannon D. Azzaro

## WORD COUNT CERTIFICATION

I hereby certify that the foregoing document complies with Local Civil Rule 7.1 and Section II(B)(2) of Your Honor's Individual Rules of Practice. I relied on the word count of the word-processing system used to prepare the document. The total number of words in this document, exclusive of the caption, table of contents, table of authorities, and signature block, is 2,969 words.

By:  *s/Shannon Azzaro*
      Shannon Azzaro, Esq.

4930-6524-4544, v. 2